**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Philip Rothermel, ) | No. CV 07-1458-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States of America, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Emergency Petition for Preliminary Injunction and Petition for Quiet Title Action Counterclaim[1] (Doc. 1), Petition for Temporary Restraining Order (Doc. 2), Emergency Petition for Preliminary Injunction and Petition for Quiet Title Action Counterclaim (Doc. 3), and Plea to the Jurisdiction Counterclaim (Doc. 4). After careful consideration of each document, the Court finds that the even with the most liberal interpretation of the documents, the Plaintiff has failed to comport with Rule 65 of the Federal Rules of Civil Procedure. Furthermore, the Court finds that venue is improper, and thus the case will be transferred accordingly.

**Temporary Restraining Order**

The Court has before it a Petition for Temporary Restraining Order (Doc. 2). The Federal Rules of Civil Procedure provide that in the event that Plaintiff desires emergency

---

[1]This language was set forth in the first document filed in this case. It is impossible for there to be included a "counterclaim" in the first document filed in a lawsuit. Therefore, the Court assumes that any reference to counterclaims applies to a case currently pending in Missouri or elsewhere.

injunctive relief, he must establish by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result to him before the adverse party or that party's attorney can be heard in opposition. Moreover, Plaintiff must either provide notice to the adverse party or must certify to the Court in writing the efforts, if any, which have been made to give notice or the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff's petition fails to comply with the mandates of Rule 65. Therefore, Plaintiff's request for temporary injunctive relief is **DENIED**.

**Venue**

According to the pleadings, Plaintiff is a Public Minister on temporary missionary service in Arizona, and "for the purposes of the Federal Income Tax Assessment, [he] is a member of that class of individuals known as nonresident alien[sic] to the District of Columbia."[2] The land upon which the IRS has allegedly placed the Notice of Lien and Notice of Seizure is in fact located not in Arizona, rather, it is located in the state of Missouri (Doc. 1); specifically, in or near St. Louis, Missouri. A civil action in which the defendant is the United States, may be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or **a substantial part of property that is the subject of the action is situated**, or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C.A. § 1391(e). While there is questionable subject matter jurisdiction before this Court, Plaintiff may have stated a possible colorable claim that may be cognizable in the Eastern District of Missouri.[3]

"The district court of a district in which is filed a case laying venue in the wrong division

---

[2] The Court therefore is unclear as to the legal residence of the Plaintiff.

[3] The allegations of a pro se complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers." Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (citations omitted).

- 2 -

or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406 (a). [4] In an abundance of caution, this Court will transfer the case to the Eastern District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's "Petition for Temporary Restraining Order" (Doc. 2) before this Court is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the United States District Court for the Eastern District of Missouri.

DATED this 1st day of August, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[4] According to the documents before this Court, the property is located in or near St. Louis, Missouri, which is located within the Eastern District of Missouri.

- 3 -